[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ACCELERATED
 OPINION
In this accelerated calendar appeal submitted upon the record and briefs of the parties, appellant, Laurie Ann Buie, alleges that the Ashtabula County Court, Eastern District, committed errors with respect to a driving under the influence conviction that she received on June 30, 1995. For the reasons that follow, we dismiss this appeal.
The facts pertinent to this appeal are not in dispute. On November 5, 1997, appellant was charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (3) and failure to operate within marked lanes of travel in violation of R.C. 4511.33. As to the above charges, appellant entered an initial plea of not guilty.
On January 6, 1998, appellant, with the assistance of counsel, withdrew her plea of not guilty and entered a plea of no contest to driving under the influence pursuant to R.C.4511.19(A)(3). The state dismissed the remaining charges. There is no dispute that this was appellant's second drunk driving offense within a six-year period, having previously been convicted of driving under the influence on June 30, 1995. Consequently, appellant faced enhanced sentencing penalties pursuant to R.C.4511.99(A)(2)(a)
In conjunction with her change of plea to the current offense, appellant requested that the court sentence her as a first-time offender. Appellant alleged that her prior driving under the influence conviction, in the same court, was obtained without the benefit of counsel. Upon the court's inquiry into appellant's first driving under the influence conviction, appellant admitted to the judge that she signed a waiver of counsel as to this earlier charge. However, appellant alleged that this was done without an understanding of the enhanced penalties for subsequent drunk driving convictions. Appellant proffered testimony that she would not have pled guilty to the driving under the influence charge in 1995 had she been made aware of these enhanced penalties.
The trial court denied appellant's request and she was sentenced according to the enhanced penalty provisions for offenders with multiple drunk driving convictions. From this judgment, appellant filed a timely notice of appeal and now asserts the following two assignments of error:
 "1. Is the trial court mandated to inform a defendant who waives her `right to counsel' of the potential enhanced penalties for a second [driving under the influence] offense.
 "2. Did the defendant-appellant, Laurie Ann Buie, intelligently waive her right to counsel, not knowing what the enhanced penalties would be in the future if she did, in fact, enter a plea of `guilty.'"
While appellant has couched the current appeal as having emanated from the trial court's judgment entry of January 6, 1998, a thorough reading of appellant's brief reveals that she has assigned errors from a decision rendered by the trial court on June 30, 1995. Specifically, appellant questions whether she knowingly waived her right to counsel during her earlier drunk driving conviction when she was not informed of the possible enhancement penalties she faced for subsequent driving under the influence convictions. Appellant has not assigned any error to the trial court's judgment of January 6, 1998, and the time period for filing an appeal as of right from the court's June 1995 decision has long passed. See App.R. 4(A).
Appellant, quite simply, may not use her second driving under the influence conviction as a vehicle to raise errors that she failed to assert with respect to her first drunk driving conviction. Accordingly, the assignments of error appellant has presented for our review are untimely, and, as she has failed to assert any error in the trial court's decision of January 6, 1998, this appeal is dismissed. _______________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., concurs,
CHRISTLEY, J., concurs in judgment only.